# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT BAKER, | |
| Plaintiff, | Civil Action No. 17-12095 (PGS)(DEA) |
| v. | **MEMORANDUM ORDER** |
| JOY CAMARILLO, *et al.,* | |
| Defendants. | |

This matter comes before the Court on two motions by *pro se* Plaintiff, Scott Baker for the appointment of pro bono counsel [ECF Nos. 14 and 23]. Plaintiff, a prisoner at New Jersey State Prison, brought this action against the New Jersey Department of Corrections, New Jersey State Prison, and certain medical personnel who have provided medical care to Plaintiff during his incarceration. Plaintiff complains of violations of his civil rights and also asserts various state law claims, including medical malpractice. For the reasons below, Plaintiff's motion for the appointment of counsel is denied.

## I. Background

In his Complaint, Plaintiff states that at some point prior to May 2016, he was prescribed the blood pressure medication Lisinopril by prison medical staff. ECF No. 1-4 at ¶ 16. On May 13, 2016, Plaintiff was transported to "UMDNJ" for a spinal procedure, and Plaintiff alleges that the treating surgeon advised him that Lisinopril was a "bad drug" that causes "people to have severe reactions." *Id.* at ¶ 17. The surgeon further stated that the drug was not working, and Plaintiff should be taken off Lisinopril and "put on a better medication." *Id.* at ¶ 18. According to Plaintiff, the surgeon stated that he would convey this to prison medical staff. Thereafter, however, Plaintiff states that the prison medical staff increased Plaintiff's dosage of Lisinopril.

On June 9, 2016, Plaintiff alleges he had a life-threatening reaction to the Lisinopril. He was seen at the prison medical clinic and then transported to St. Francis Medical Center, where he was treated for an allergic reaction to Lisinopril. *Id.* at 28-31. Plaintiff alleges that he now suffers from nightmares, post-traumatic stress disorder and a fear of taking medications. *Id.* at ¶ 33.

Plaintiff commenced this action in or about September 2017 by filing a complaint in the New Jersey Superior Court, Law Division, Mercer County. ECF No. 1-4. The matter was removed to this Court on November 28, 2017. ECF No. 1. On March 8, 2018, the Honorable Peter G. Sheridan, U.S.D.J., granted a motion by Defendants New Jersey Department of Corrections ("NJDOC") and New Jersey State Prison ("NJSP") to dismiss the claims against them with prejudice.[1] Thereafter, Plaintiff filed the instant motions seeking the appointment of counsel. Also pending presently is a motion for summary judgment filed Defendants Joy Camarillo, A.P.N.; Ihuoma Nwachukwu, M.D.; Rutgers, The State University of New Jersey; and University Behavioral Health Care.

## II. Analysis

While there is no right to counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993), pursuant to 28 U.S.C. §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. *See Tabron*, 6 F.3d at 156.

---

[1] Originally, all counts with the exception of Count 9 ("Breach of Duty to Report Misconduct") and Count 10 ("Negligence") were dismissed with prejudice. As to Counts 9 and 10, Plaintiff was given 45 days to reinstate the claims upon a showing that he had filed a timely notice of tort claim or was granted leave to file a late tort claim. As Plaintiff failed to make such a showing, pursuant to the terms of the dismissal order, the dismissal of Counts 9 and 10 converted to a dismissal with prejudice upon the expiration of the 45-day period. ECF No. 11.

When deciding whether to appoint counsel under §1915, the Court must be persuaded that Plaintiff's claim has some merit in law and fact. *See Tabron*, 6 F.3d at 155. If the Court finds Plaintiff's claim has merit, the Court must then weigh a variety of factors to decide whether it is appropriate to appoint counsel: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims' (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Parham*, 126 F.3d at 457-58; *Tabron*, 6 F.3d at 155-157. Other factors that must also be considered when deciding an application for the appointment of pro bono counsel are "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time". *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

As noted above, the threshold factor in deciding a motion seeking the appointment of pro bono counsel is whether Plaintiff's claims have some merit in law and fact. Here, Plaintiff's Complaint was dismissed in its entirety as to the NJDOC and NJSP. The remaining Defendants are presently seeking summary judgment, and Plaintiff has opposed the motion. It appears that there is at least some overlap in the issues between the earlier motion to dismiss and the pending motion for summary judgment, and some of the reasoning in the decision dismissing the earlier claims may be applicable to the current motion. As such, the Court is not persuaded, at least prior to a decision on the pending summary judgment motion, that the merits of this case warrant the appointment of counsel.

Plaintiff contends that he is not "intellectual[ly] skilled enough" to prosecute his case, engage in discovery and respond properly to the pending summary judgment motion. ECF Nos. 14, 23. However, a lack of legal experience alone "is not a basis for appointing counsel, because it is a limitation held in common by most pro se parties." *Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010). Plaintiff has, thus far, demonstrated that he has sufficient abilities to represent himself at this point in the case. He has drafted and filed his Complaint, correspondence with the Court, two motions for the appointment of pro bono counsel, and opposition to Defendants' summary judgment motion.

The Court recognizes that the above considerations may change as this litigation proceeds. The Court will continue to monitor the issues raised by Plaintiff and may exercise its discretion to appoint counsel *sua sponte* if any of these considerations change.

### III. Conclusion and Order

For the reasons above, the Court finds that the appointment of counsel is not warranted at this time. Accordingly,

IT IS on this 7th day of January 2019

ORDERED that Plaintiff's motions for the appointment of pro bono counsel [ECF Nos. 14, 23] are DENIED.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge