# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SCOTT BAKER,

    Plaintiff,

v.

JOY CAMARILLO, et al.,

    Defendants.

Civ. No. 17-12095 (PGS) (DEA)

**MEMORANDUM & ORDER**

Plaintiff is proceeding through appointed counsel with a civil rights complaint. Presently pending before this Court is Moving Defendants: (1) Joy Camarillo; (2) Ihuoma Nwachukwu; (3) University Behavioral Health Care; and (4) Rutgers, the State University of New Jersey (hereinafter the "Moving Defendants") motion for summary judgment. (*See* ECF 58). Moving Defendants' motion makes the following arguments:

1. Plaintiff failed to exhaust his administrative remedies.
2. Plaintiff failed to comply with the requirements of the affidavit of merit statute under state law.
3. Plaintiff failed to comply with the notice requirements of the New Jersey Tort Claims Act.

Plaintiff filed a response to the motion for summary judgment on September 21, 2020. (*See* ECF 60-62). Plaintiff's response only addressed Moving Defendants' failure to comply with the affidavit of merit statute argument. (*See* ECF 62). On October 16, 2020, Moving Defendants filed a reply brief in support of their motion for summary judgment. (*See* ECF 67).

This Court has scheduled oral argument on Moving Defendants' motion for summary judgment for July 1, 2021. To assist this Court in preparation for oral argument, the parties shall supplement shall be ordered to supplement their filings. More specifically, the parties' supplemental filings shall expressly address each of the following issues:

1. Are all twenty counts remaining against the Moving Defendants as stated in the complaint?
2. Does Plaintiff concede he failed to exhaust his administrative remedies? If so, how can federal claims survive summary judgment considering the Prison Litigation Reform Act's ("PLRA") exhaustion requirement?
3. If the PLRA applies only to federal claims, how does this impact Plaintiff's state law claims to the extent they remain active in this case?
4. Magistrate Judge Arpert's November, 25, 2019 Order (ECF 37) indicates the date on which Plaintiff must produce an affidavit of merit is extended pending further order of the Court and will be reset during the next status conference? Was this ever done? If it was not reset, how is this not fatal to Moving Defendants' affidavit of merit argument? Why or why not?
5. Moving Defendants argue they are entitled to summary judgment because Plaintiff failed to comply with the notice requirement of the New Jersey Tort Claims Act ("NJTCA"). However, does the NJTCA apply to constitutional claims? If not, therefore, even if federal claims are dismissed due to a lack of exhaustion, and assuming *arguendo* the lack of an affidavit of merit is excused, would not Plaintiff's state constitutional claims remain?
6. Does Plaintiff's failure to seek *leave of court* to file a late notice of tort claim within one-year of the accrual of his claims necessitate a finding that Plaintiff failed to comply with the late notice provisions of the NJTCA? Can Plaintiff seek leave of court *nunc pro tunc* at this late date well beyond one-year of when his claims accrued?
7. Does Plaintiff's breach of contract claim (Count 19) fall within the NJTCA's notice of tort claim requirement?
8. Is there a private right of action under the New Jersey Patient Safety Act, the New Jersey Medical Care Access and Responsibility Act and the Patient First Act?
9. If Plaintiff can proceed under the New Jersey Patient Safety Act, the New Jersey Medical Care Access and Responsibility Act and the Patient First Act as a private right of action, do these claims fall within the NJTCA's notice requirements?

Accordingly, IT IS this 8th day of June, 2021,

ORDERED that Plaintiff and Moving Defendants shall file supplemental briefs expressly responding to the issues outlined above on or before June 24, 2021.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.